IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Ashcraft and<br>Nancy Ashcraft, | )<br>)<br>) | Civil Action No. 13-726 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | District Judge Bissoon<br>Chief Magistrate Judge Lenihan |
| IDM Equipment now by Restructure and<br>Consolidation GES—Global Energy<br>Services, | )<br>)<br>)<br>) | |
| | ) | ECF No. 3 |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by Defendant at ECF No. 3 be granted.

## II. REPORT

Plaintiffs husband and wife, Mark and Nancy Ashcraft (collectively "Plaintiffs"), filed the above captioned products liability action pursuant to this Court's diversity jurisdiction against Defendant, IDM Equipment now by Restructure and Consolidation GES—Global Energy Services ("Defendant").

### A. Factual Allegations and Procedural History

Plaintiffs filed an exceedingly brief complaint, and aver only the following. Plaintiffs are residents of West Virginia, and Defendant is a Texas corporation with its principal place of business in Houston, Texas. The action arises as a result of injuries suffered by Plaintiff husband

Mark Ashcraft when he was an employee of Crown Drilling Company ("Crown"), headquartered in Washington, Pennsylvania. Plaintiffs aver that Defendant manufactured and designed a drilling rig and its various components, including a BOP[1] trolley and handling system that was owned and operated by Crown. Specifically, Plaintiffs aver that on May 25, 2011, "due to a defect in the design and manufacture of the BOP handling system, including wheels and rails, the trolley came off the rails pinning Plaintiff [husband] between the BOP and substructure beam, crushing the [husband] Plaintiff's right shoulder and upper arm." (ECF No. 1 at p.2).

On August 23, 2013, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (2) for lack of personal jurisdiction. Defendant argues that neither it, nor its predecessor-in-interest, has any connection to Pennsylvania and that this Court lacks personal jurisdiction.

This Court granted Plaintiffs an extension of time to file a response to Defendant's Motion to Dismiss until September 30, 2013. Plaintiffs timely filed a responsive brief. Therein, Plaintiffs submitted the following:

> [Plaintiffs] know that [Defendant] had more involvement in Pennsylvania regarding the sale of the rig in question. [Defendant] negotiated with Crown for the sale of the rig, during which [Defendant] obtained knowledge that Crown was a Pennsylvania corporation. Moreover, through investigation, Plaintiff has gained information that [Defendant] arranged for employees to travel to Pennsylvania to instruct Crown employees regarding the assembly and operation of the rig. This instruction was provided and occurred over an approximate two (2) month period. Therefore, [Defendant] had knowledge that the rig would be operated by Crown in Pennsylvania and did directly participate in the operation of the rig in Pennsylvania.

---

[1] According to Defendant, a "BOP" is a blow out preventer, a specialized valve used to control oil and gas wells. (Defendant's Brief in Support of Motion to Dismiss, ECF No. 4 at 1 n.1.)

(Plaintiffs' Brief in Opposition, ECF No. 10 at 2.) Plaintiffs include no affidavits or documentation in support of the assertions in their brief.[2]

B. Legal Standard

In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction over the defendants, by producing affidavits or other competent evidence. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir. 2009) (citing *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002); *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996)); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984). If an evidentiary hearing is not held on the 12(b)(2) motion, however, then the plaintiff need only demonstrate a prima facie case of personal jurisdiction. *Metcalfe*, 566 F.3d at 330 (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004)). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1221 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987)) (other citation omitted). In deciding a Rule 12(b)(2) motion, the court must accept as true all allegations contained in the complaint and view all factual disputes in plaintiff's favor. *D'Jamoos*, 566 F.3d at 102 (citing

---

[2] The Court notes that neither party has requested jurisdictional discovery, nor that an evidentiary hearing be held on the disputed issue of personal jurisdiction. The Court declines to order the parties to do so sua sponte given its analysis of the present motion as fully set forth below.

*Miller Yacht Sales,* 384 F.3d at 97).

C. Analysis

The starting point for determining whether personal jurisdiction can be exercised over a defendant is Rule 4(k) of the Federal Rules of Civil Procedure, which provides that a district court obtains "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A); *see O'Connor,* 496 F.3d at 316 (citing Rule 4(k)(1)(A)). Thus, Pennsylvania's Long-Arm Statute, 42 Pa. Cons. Stat. Ann. §5322(b), governs the case at bar. *O'Connor,* 496 at 316. Section 5322(b) authorizes personal jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with [Pennsylvania] allowed under the Constitution of the United States." In other words, as long as the requirements of the Due Process Clause of the United States Constitution have been satisfied, personal jurisdiction will lie over non-resident defendants in Pennsylvania. *Farino,* 960 F.2d at 1221; *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir. 1998) (citing *Farino,* 960 F.2d at 1221; *Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 279 (3d Cir. 1994)). *See also Mendel v. Williams,* 53 A.3d 810, 817-18 (Pa. Super. Ct. 2012); *Haas v. Four Seasons Campground, Inc.,* 952 A.2d 688, 692-93 (Pa. Super. Ct. 2008).

It is axiomatic that to satisfy due process, the defendant must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)) (other citations omitted). The minimum contacts requirement serves the purpose of "protect[ing] the defendant against the

burdens of litigating in a distant and inconvenient forum" by requiring that the "defendant's conduct and connection with the forum State [be] such that [a defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92, 297 (1980) (citations omitted). This framework enables "potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 297. Thus, a plaintiff cannot unilaterally create the necessary contacts between the defendant and the forum; rather, "minimum contacts" can arise only by "'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

Personal jurisdiction can exist in one of two forms: specific jurisdiction or general jurisdiction. Specific jurisdiction exists where the "cause of action is related to or arises out of the defendant's contacts with the forum," *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Pinker,* 292 F.3d at 368), while general jurisdiction exists where the defendant's contacts with the forum are "continuous and systematic" but are not related to the plaintiff's cause of action*, Pennzoil,* 149 F.3d at 200 (citation omitted). In the instant matter, the Defendant argues that neither form of personal jurisdiction exists here because Defendant has no contacts with Pennsylvania. Plaintiffs submit that this Court does have personal jurisdiction over the Defendant, but does not specify whether that jurisdiction is general or specific.

1. **Specific Jurisdiction**

In determining whether it can exercise specific jurisdiction, the court must undertake a three-part inquiry. *D'Jamoos,* 566 F.3d at 102. Initially, the court must determine whether the

defendant has "'purposefully directed'" its activities toward the forum State. *Id.* (quoting *Burger King,* 471 U.S. at 472 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984) (whether "minimum contacts" exist requires the court to examine "the relationship among the defendant, the forum, and the litigation."))). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984); *O'Connor,* 496 F.3d at 317). Finally, if the plaintiff has established the first two elements, only then does the court proceed to the third part of the inquiry–whether the defendant's contacts with the forum state are such that maintenance of the action "'does not offend traditional notions of fair play and substantial justice.'"[3] *World-Wide Volkswagon,* 444 U.S. at 292 (citing *Int'l Shoe,* 326 U.S. at 316); *D'Jamoos,* 566 F.3d at 102. In this regard, the court of appeals observed:

> The first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum. The threshold requirement is that the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. [at 253]. To meet this requirement, the defendant's physical entrance into the forum is not necessary. *See Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184; *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir.1993). A defendant's contacts, however, must amount to "a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. The "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *Hanson*, 357 U.S. at 253 . . . .

*D'Jamoos,* 566 F.3d at 102-03.

Here, accepting as true all of Plaintiffs' allegations in the Complaint, and viewing all

---

[3] With regard to the third prong of the specific jurisdiction analysis, the court should consider the following factors: "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King,* 471 U.S. at 477 (quoting *World-Wide Volkswagon,* 444 U.S. at 292).

factual disputes in Plaintiffs' favor, Plaintiffs have failed to present a prima facie case of specific jurisdiction as it relates to the first and second prongs of the *D'Jamoos* test. First, Plaintiffs have failed to aver or otherwise establish with reasonable particularity sufficient contacts between Defendant and Pennsylvania such that Defendant could be deemed to have "purposefully directed" its activities toward Pennsylvania. GES is a Delaware corporation. It does no business with Pennsylvania residents, does not solicit business in Pennsylvania, and does not have any locations or employees located in Pennsylvania. IDM, GES's predecessor in interest, is a Texas limited liability company. It does not solicit business in Pennsylvania, and does not have any offices, sites, locations, or employees located in Pennsylvania. Defendant does note that IDM sold one rig to Crown in August of 2008. Pursuant to the terms of the Purchase and Sale Agreement between IDM and Crown, the rig was delivered FOB to Crown in Houston, Texas. IDM maintained no control over the rig following its delivery of the rig to Crown in Houston, and played no role in the rig's eventual arrival in Greene County, Pennsylvania. The parties chose Texas law to govern any disputes over the purchase and sale of the rig. Plaintiffs submit that from these contract negotiations, Defendant obtained information that Crown was a Pennsylvania corporation. Defendant's direct contacts within Pennsylvania, however, are limited to the assertion by Plaintiffs that over a two month period, Defendant "arranged for employees to travel to Pennsylvania to instruct Crown employees regarding the assembly and operation of the rig." (ECF No. 10 at 2.) Therefore, Plaintiffs conclude, IDM was aware that the rig would be operated by Crown in Pennsylvania, and IDM did directly participate in the operation of the rig in Pennsylvania.

Second, even if this limited contact could establish that Defendant "'purposefully

7

directed'" its activities toward Pennsylvania,[4] Plaintiffs do not allege that their claim "arise[s] out of or relate[s] to" at least one of Defendant's activities within Pennsylvania. *See D'Jamoos*, 566 F.3d at 104 (citing *Helicopteros*, 466 U.S. at 414). Plaintiffs assert that they have gained information that Defendant arranged for its employees to travel to Pennsylvania to instruct Crown employees regarding the assembly and operation of the rig, and that this instruction occurred over an approximate two (2) month period. Plaintiffs, however, fail to allege any facts as to how their claim "arise[s] out of or relate[s] to" this direct contact within Pennsylvania. Although Plaintiffs assert that Defendant's employees were sent into Pennsylvania, Plaintiffs have not connected those activities to their claim against the Defendant.

Because the Court has found that Plaintiff has failed to establish the first and second elements for specific personal jurisdiction, it need not address the third element, *i.e.,* whether the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *D'Jamoos,* 566 F.3d at 106 (citations omitted). Accordingly, the Court finds that it lacks specific personal jurisdiction over Defendant.

### 2. General Jurisdiction

Plaintiffs have averred no facts to demonstrate that Defendant had "continuous and systematic" contacts with Pennsylvania. To invoke the court's general jurisdiction, a plaintiff must prove significantly more than mere minimum contacts with the forum. *Provident Nat'l Bank,* 819 F.2d at 437 (citations omitted). Thus, to satisfy due process, the contacts of a nonresident defendant with the forum must be continuous and substantial. *Id.* (citations omitted); *see also Metcalfe,* 566 F.3d at 334 (for general jurisdiction to exist, the defendant must

---

[4] Plaintiffs rely solely on a case from the United States District Court for the Middle District of Pennsylvania, *Zeger v. Joseph Rhodes, Ltd.*, 775 F. Supp. 817 (M.D. Pa. 1991). This case is readily distinguishable on its facts. More importantly, the Court is not bound by this district court decision.

maintain continuous and substantial forum affiliations) (citing *O'Connor,* 496 F.3d at 321). Here, unrebutted affidavits submitted by officials of the Defendant establish that Defendant only sold one rig to Crown in August of 2008, that Defendant did not transact, build, or deliver any rigs for any Pennsylvania based companies other than Crown, and that the rig obtained by Crown was delivered in Texas. These contacts fall short of establishing continuous and systematic contacts. Further, employees of Defendant entering Pennsylvania for a limited purpose and for a limited time, also fall short of establishing continuous and systematic contacts. See *Helicopteros*, 466 U.S. at 418. Thus, accepting as true all allegations contained the Complaint, and viewing all factual disputes in favor of Plaintiffs, Plaintiffs have failed to demonstrate a prima facie case of general personal jurisdiction over Defendant.

### III. CONCLUSION

For the above reasons, it is respectfully recommended that the Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by Defendant at ECF No. 3 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall

have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 20, 2013

BY THE COURT:

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:
    All Counsel of Record
    Via Electronic Mail